IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| GARRY HAGGINS, JR., | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CRIM CASE NO.: 7:23-CR-33-WLS |
| | : | § 2255 CASE NO: 7:24-CV-17 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |
| _____ | : | |

## ORDER

Before the Court is United States Magistrate Judge Thomas Q. Langstaff's Recommendation (Doc. 26), entered on April 29, 2024, regarding Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 23). Judge Langstaff recommends Petitioner's Motion to Vacate (Doc. 23) be **DISMISSED**.

On December 10, 2008, a superseding indictment was filed in the Southern District of Florida, charging Petitioner with one count of conspiracy to distribute at least 500 grams of cocaine and 50 grams of cocaine base. (Doc. 2-1). In May of 2009, Petitioner pled guilty to that count. (Doc. 2-3). In September of 2009, the Southern District of Florida sentenced Petitioner to 135 months of imprisonment, followed by five (5) years of supervised release, and a $100 assessment fee.

In September of 2018, Petitioner's supervised release in the Southern District of Florida commenced. (Doc. 2). On April 6, 2023, the Middle District of Georgia accepted jurisdiction over Petitioner, and thus, his supervised release was also transferred to this Court. (*Id.*) Thereafter, a petition alleging that Petitioner violated the terms of his supervised

1

release was filed. (Doc. 3). On July 5, 2023, the Court entered a judgment, revoking Petitioner's supervised Release. (Doc. 22).

On February 20, 2024, Petitioner filed the instant Motion to Vacate. (Doc. 23). Therein, Petitioner alleges two grounds: (1) reduction of his sentence based on the retroactive application of Amendment 821 and (2) based on Amendment 750, contending that he was sentenced "before the sentencing disparity for crack to cocaine went into effect." (*Id.* at 4–5).

Judge Langstaff ordered Petitioner to supplement his Motion to Vacate (Doc. 23) and clarify whether he was challenging the validity of his underlying criminal conviction, which was imposed in the Southern District of Florida, or the revocation of his supervised release, which occurred in the Middle District of Georgia. (Doc. 24). But Petitioner has not filed any supplement.

Upon review and consideration, Judge Langstaff found that the grounds raised in Petitioner's Motion to Vacate only concern the validity of the original criminal sentence that was imposed in the Southern District of Florida. (Doc. 26, at 2–3). Therefore, because it was not imposed by the Middle District of Georgia, Judge Langstaff determined that this Court lacks the authority to grant Petitioner relief under 28 U.S.C. § 2255. (*Id.* at 3). Judge Langstaff further found that the mere fact that Petitioner is currently incarcerated based on a revocation judgment entered in the Middle District of Georgia does not grant this Court the authority to address the Petitioner's challenge to a sentence imposed in the Southern District of Florida. (*Id.*) Therefore, Judge Langstaff recommends that Petitioner's Motion to Vacate (Doc. 23) be **DISMISSED**.

2

In addition, the Court also notes that, a review of the record shows that Petitioner had previously filed a Motion to Vacate under 28 U.S.C. § 2255 in the Southern District of Florida in September of 2010. (Doc. 2-3, at 8, DE 482; 483). And in October of 2011, the Honorable Donald Middlebrooks of the Southern District of Florida had entered an Order that adopted United State Magistrate Judge Patrick White's Report, which recommended that Judge Middlebrooks dismiss Petitioner's Motion to Vacate with prejudice in its entirety. (*Id.* at 9, DE 501). Generally, motions under § 2255 are the primary remedy for testing the validity of federal judgments and thus should be transferred to the sentencing court. However, here, Petitioner had already unsuccessfully filed a § 2255 Petition in the Southern District of Florida. And under the AEDPA, a prisoner can only file one §2255 motion as a matter of right and must receive the Eleventh Circuit's permission to file a second or successive § 2255 motion. *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Absent permission from the Eleventh Circuit, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *Id.* A second or successive § 2255 Motion is where an earlier petition has been dismissed with prejudice. *Id.*; *see* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *see Wheeler v. United States*, No. 21-10428, 2022 WL 1196068, at *1 (11th Cir. Apr. 22, 2022) (citing *Boyd*, 754 F.3d at 1302). Thus, this finding further supports Judge Langstaff's finding that this Court lacks jurisdiction to consider Petitioner's second § 2255 Motion, and the Court also finds no need to transfer the instant § 2255 Motion to the Southern District of Florida. *See Boyd*, 754 F.3d at 1302.

3

More than fourteen (14) days passed without any objections to the Recommendation (Doc. 26) being filed. Thus, the Court has reviewed the Recommendation (Doc. 26) and finds no plain error or manifest injustice therein. Accordingly, upon full review and consideration of the record, the Court finds that the Order and Recommendation (Doc. 26) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for reason of the findings made and reasons stated therein, together with findings, reasons, and conclusions stated herein. The Court also finds that Petitioner has not made a substantial showing of a denial of a constitutional right and that he did not object to the Recommendation's finding of the same. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Thus, the Court hereby **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 17th day of May, 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**